**SO ORDERED.**

**SIGNED this 06 day of August, 2007.**

**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WILSON DIVISION

IN RE:

S.E. SASSER, INC., III,                                        Case No.
                                                               06-00795-8-RDD

      Debtor.

JAMES B. ANGELL, CHAPTER 7 TRUSTEE
FOR S.E. SASSER, INC., III,

          Plaintiff,

  v.                                                     Adversary Proceeding No.
                                                               06-00250-8-AP

GARRIS-EVANS LUMBER COMPANY,

          Defendant.

_____

### ORDER

This case is before the court on the trustee's motion for summary judgment. On July 31,

2007, the court conducted a hearing on this matter in Raleigh, North Carolina.

### JURISDICTION AND PROCEDURE

This court has jurisdiction over the parties and the subject matter of this proceeding pursuant

to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States

District Court for the Eastern District of North Carolina on August 3, 1984.  This is a core

proceeding within the meaning of 28 U.S.C. § 157(b)(2), which this court may hear and determine.

## FACTS AND BACKGROUND

On March 15, 2006, the debtor, a contractor, filed for relief under Chapter 11. On May 24, 2006, the case was converted to Chapter 7, and James B. Angell was appointed as the trustee. Garris-Evans Lumber Company ("Garris-Evans") supplied building materials to the debtor prior to its bankruptcy filing.

On October 19, 2006, the trustee filed this adversary proceeding. The complaint alleges that, within the 90-day period prior to the petition date, the debtor transferred payments totaling $11,201.99 to Garris-Evans. Payments included a check in the amount of $11,086.54 that cleared the debtor's bank account on February 6, 2006 and a check in the amount of $115.45 that cleared the debtor's bank account on February 28, 2006. The trustee contends that those payments were preferential transfers that are avoidable pursuant to 11 U.S.C. § 547(b) and recoverable under 11 U.S.C. §§ 550 and 551.

The funds received by Garris-Evans were the debtor's property that would have been property of the estate had the transfers not been made, as evidenced by the debtor's bank statements attached to the trustee's motion. 11 U.S.C. § 541(a). In Garris-Evans' responses to the trustee's requests for admissions, Garris-Evans admits that it had a right to payment based on an obligation owed to it by the debtor at the time of each transfer. Garris-Evans further admits that the transfers were for or on account of an antecedent debt owed by the debtor before such transfers were made. In its answer, Garris-Evans admits that the debtor was insolvent at the time the transfers were made. In its answer, Garris-Evans admits that the transfers were made within ninety dates of the petition date. This is further evidenced by copies of the processed checks and the debtor's bank statement

2

for the relevant period. The trustee's affidavit supports that Garris-Evans received more than it would have received if the transfers had not been made.

In response to the motion for summary judgment, Garris-Evans provided an affidavit of its president, David Evans, Jr., in support of the ordinary course of business defense. The affidavit states that it was the practice of the debtor to pay invoices in full upon receipt, that it was the practice of Garris-Evans to accept payments as presented by the debtor, that the ten largest customers of Garris-Evans make payments between 27-77 days after being invoiced, that the weighted average for these ten largest customers is 37-63 days between receipt of invoice and payment, and that the debtor averages 40 days between receipt of invoice and payment. At the hearing, the trustee asserted that Garris-Evans' detailed account history attached to the trustee's motion does not support the ordinary course of business defense and that the transfers were inconsistent with the averages provided by Garris-Evans.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Bankruptcy Rule 7056, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light

3

most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962).

## ANALYSIS

Pursuant to 11 U.S.C. § 547(b) the trustee may recover certain preferential transfers made by the debtor in favor of specific creditors. In order for the trustee to avoid a transfer, he must show that: (1) the transfer was an interest of the debtor in property; (2) to or for the benefit of a creditor; (3) for or on account of an antecedent debt owed by the debtor before such transfer was made; (4) made while the debtor was insolvent;[1] (5) made on or within ninety days before the debtor filed bankruptcy; and (6) enabled the creditor to receive more than it would have received if (a) the case were a case under chapter 7 of the bankruptcy code; (b) if the transfer had not been made and; (c) the creditor received payment of its debt to the extent provided by the Bankruptcy Code. 11 U.S.C. § 547(b). The trustee bears the burden of proving the avoidability of the transfer under § 547(b). 11 U.S.C. § 547(g). The court finds that the trustee has provided sufficient evidence to satisfy the elements under § 547(b).

Affirmative defenses are to be set forth in the defendant's responsive pleading. Fed. R. Civ. P. 8(c); Fed. R. Bankr. P. 7008(a). However, a defense may be raised later if there is no "unfair surprise or prejudice" to the plaintiff. Bryant Real Estate, Inc. v. Toll Bros., Inc., 106 Fed. Appx. 182, 186 (4th Cir. 2004); Peterson v. Air Line Pilots Assoc., Int'l, 759 F.2d 1161, 1164 (4th Cir. 1985). Here, Garris-Evans did not affirmatively plead the ordinary course of business defense in its answer. In the joint pre-conference report filed December 14, 2006, the parties stated that the

---

[1]There is a presumption that the debtor was insolvent during the ninety days prior to the petition date. 11 U.S.C. § 547(f).

ordinary course of business defense is an issue raised by the pleadings. The pre-conference report essentially served as an amendment to Garris-Evans' responsive pleading in the case. Moreover, in its responses to the trustee's discovery requests, Garris-Evans clearly stated its intention of asserting the ordinary course of business defense. The discovery responses were served on the trustee on March 5, 2007--over two months before the trustee filed his motion for summary judgment. The trustee was aware of Garris-Evans' ordinary course of business defense, yet he only moved for summary judgment on the elements of § 547(b). Garris-Evans did not file a motion for summary judgment; rather, it responded to the trustee's motion for summary judgment by filing the affidavit of its president in  support of the ordinary course of business defense.

The trustee's motion for summary judgment is allowed, as the trustee has met his burden of establishing all elements under § 547(b). No party moved for summary judgment on the ordinary course of business defense. Accordingly, the issue of whether the transfers were made in the ordinary course of business is reserved for trial.

**END OF DOCUMENT**